# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERMAINE WARD, ET AL. | CIVIL ACTION |
| VERSUS | NO. 19-854 |
| JERRY JONES, ET AL. | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(6). R. Doc. 13. The motion is opposed. R. Doc. 17. Defendants have filed a reply. R. Doc. 22. The Court now rules as follows.

## I. BACKGROUND

Plaintiffs brought this action seeking injunctive relief, a declaratory judgment, and damages under 42 U.S.C. § 1983 against Defendants Lafourche Parish Council ("LPC") and LPC members, alleging Defendants conspired and colluded to deprive Plaintiffs of the energy assistance grant funds to which they were entitled. R. Doc. 1 at ¶ 1.

The Low-Income Home Energy Assistance Program ("LIHEAP") is a federally funded program that helps low-income households with their home energy bills. R. Doc. 1 at ¶ 4. LIHEAP allocations to the state of Louisiana are administered by the Louisiana Housing Corporation ("LHC"), which then allocates funds to, among other places, the Lafourche Parish Council Office of Community Action ("OCA"). R. Doc. 1 at ¶ 7. The OCA administers and grants the LIHEAP funds to eligible recipients. A contract between the LPC and the LHC requires the LPC to provide reimbursable administrative costs for determining eligibility and distribution to low-income beneficiaries. R. Doc. 1 at ¶ 7. Plaintiffs brought this action after the LPC amended the Lafourche

1

Parish Government Budget such that the OCA's administrative and personnel costs were no longer covered. R. Doc. 1 at ¶¶ 9, 19.

Plaintiffs, who are "eligible to receive LIHEAP assistance," brought this lawsuit because the "LPC and the individually named defendants failed and refused to comply with federal LIHEAP statutes and guidelines, thereby denying plaintiffs the use of these important and necessary benefits." R. Doc. 17 at 2. Plaintiffs allege the LPC, "in violation of federal regulations" and its contract with the LHC, refused to include the approved LIHEAP funds in the budget and colluded and conspired to deprive Plaintiffs of the federal benefits for which they were eligible. R. Doc. 1 at ¶¶ 1, 25.

The OCA's bylaws vest a "Community Action Advisory Board" with the power to "exercise all powers which the [LPC] may from time to time delegate to it" and to "make recommendation[s] to the [LPC] in an advisory capacity." R. Doc. 13-2 at 3. Plaintiffs allege the LPC deferred to Councilman Jerry Jones's assertion that Community Action Advisory Board approval is necessary for the release of any LIHEAP funds. R. Doc. 1 at ¶¶ 14, 16. According to Plaintiffs, Councilman Jones's claim is a "deliberate false claim of authority," R. Doc. 1 at ¶ 12, and Councilman Jones "has an agenda to obstruct, disrupt, and destroy operations of the Lafourche Community Action Office for the benefit of a private corporation, with whom he has personal ties," R. Doc. 1 at ¶ 15.

After Plaintiffs filed suit, the LPC passed an ordinance to fund the OCA and ensure that LIHEAP funds could be distributed. R. Doc. 13-1 at 2–3. The passing of that ordinance and subsequent distribution of LIHEAP funds rendered Plaintiffs' request for injunctive relief moot. R. Doc. 13-1 at 1. As LIHEAP funds have been and are continuing to be distributed, Defendants now submit this entire case should be dismissed. R. Doc. 13-1 at 3.

## II.  PRESENT MOTION

Defendants move to dismiss Plaintiffs' remaining claims in this case—declaratory relief and damages under § 1983—arguing: (1) Plaintiffs have failed to state a claim under § 1983; (2) Plaintiffs do not have standing to seek a declaratory judgment pertaining to the contract between the LPC and the LHC, to which they are not parties; and (3) any grievances related to the LIHEAP funds have not proceeded through the LPC and the LHC complaint process. R. Doc. 13-1 at 14.

## III.  LAW AND ANALYSIS

### a. Damages under § 1983

Defendants argue Plaintiffs fail to state a claim because the LIHEAP regulations do not confer a federal right enforceable under § 1983. In opposition, Plaintiffs argue they "belong to the class of persons for whom LIHEAP was created to benefit," and therefore "have a right to bring this action pursuant to Section 1983 to enforce their right to these benefits by bringing thiss [sic] action to compel defendants to comply with all requirements of LIHEAP." R. Doc. 17 at 4.

"In order to seek redress under § 1983 . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Blessing v. Freestone, 520 U.S. 329, 340 (1997) (emphasis in original). To that end, "federal statutes must unambiguously confer substantive rights upon a class of beneficiaries in order to be enforced through § 1983." *Anderson v. Jackson*, 556 F.3d 351, 356 (5th Cir. 2009). Courts apply a three-part test in determining whether a statute creates an enforceable federal right: "(1) Congress must have intended that the provision benefit the private plaintiff; (2) the right assertedly protected by the statute must not be so 'vague and amorphous' that its enforcement would strain judicial competence; and (3) the statute must unambiguously impose a binding obligation on the states, with the asserted right couched in mandatory rather than precatory terms." *Id.* (quoting *Johnson v. Hous. Auth. Of Jefferson Par.*,

442 F.3d 356, 359 (5th Cir. 2006)).

Courts have held that the Low-Income Energy Assistance Act ("LIHEA" or "LIHEAA") does not create a right enforceable under § 1983.[1] For example, in *Hunt v. Robeson County Department of Social Services*, thirteen plaintiffs sued the county's department of social services and the members of its board of directors, alleging they were "denied their rights to apply" for LIHEAP funds or, if they were able to apply, they were "wrongfully denied because of defendants' willful non-compliance with federal and state LIHEA[P] regulations." 816 F.2d 150, 151 (4th Cir. 1987). The Fourth Circuit held that:

> LIHEA[P] is a mere federal-state funding statute, which gives actual assistance to the States and only indirect benefits to qualified households. The Act's language and structure demonstrate this … Nothing in any of LIHEA[P]'s provisions can be said to intend the creation of the kind of rights to which a remedy in favor of persons such as the plaintiffs could attach. Based on the foregoing, the court concludes that plaintiffs failed to show that they have an independent cause of action under 42 U.S.C. § 1983.

*Id.* at 153; *see also Cabinet for Human Res., Com. of Ky. v. N. Ky. Welfare Rights Ass'n,* 954 F.2d 1179, 1187 (6th Cir. 1992) ("[W]e do not believe that Congress intended to give individual beneficiaries of the Energy Act a substantive right enforceable in federal court under 42 U.S.C. § 1983."); *Boyland v. Wing*, 487 F. Supp. 2d 161, 171 (E.D.N.Y. 2007) ("[T]here is nothing in the language or the structure of LIHEA[P] that unambiguously confers a private right enforceable in an action under Section 1983 and, therefore, no such cause of action exists.").

Here, Plaintiffs allege a violation of federal law, but cannot demonstrate a violation of a federal right. The LIHEA[P] statute does not unambiguously impose a binding obligation on states to provide energy funds, as the language of the statute does not create a right using mandatory, rather than precatory, terms. Although LIHEAP recipients are eligible for the funds, they do not

---

[1] It is the Court's understanding that LIHEAP, LIHEA, and LIHEAA are abbreviations that can be used somewhat interchangeably. For the sake of clarity, the Court will use LIHEAP throughout this Order.

have an enforceable right to the funds under the statute. Accordingly, the Court finds Plaintiffs have failed to state a claim upon which relief can be granted under § 1983.

**b. Declaratory Judgment**

Plaintiffs also seek declaratory relief. Specifically, Plaintiffs seek a declaration that: (1) "Lafourche Parish Council has violated the LIHEAP contract and violated federal regulations by its conduct in forfeiting LIHEAP funds and by taking actions that obstruct and prevent plaintiffs and other eligible applicants from applying for and receiving LIHEAP benefits for which they qualify;" (2) the LPC "unlawfully delegated its authority over the LIHEAP program to defendant Richmond Boyd;" (3) "Richmond Boyd and Jerry Jones are engaged in unlawful misconduct and conflict of interest activities;" and (4) the "Lafourche Community Action Advisory Board has no authority to approve or disapprove any matter concerning the LIHEAP program." R. Doc. 1 at ¶¶ 25–28. Defendants allege Plaintiffs do not have standing to challenge the contract between the LPC and the LHC, R. Doc. 13-1 at 13, and also argue Plaintiffs' claims are not ripe and, therefore, their claim for a declaratory judgment fails, R. Doc. 13-1 at 10.

*1. Whether Plaintiffs lack standing*

"A plaintiff must demonstrate standing for each claim he seeks to press" and "demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006). "[T]he irreducible constitutional minimum of standing contains three elements": (1) "the plaintiff must have suffered an 'injury in fact'" that is "concrete and particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Here, Plaintiffs not only seek damages under § 1983, but also seek declaratory relief. Plaintiffs must therefore demonstrate they have standing to pursue their claim for declaratory relief. Plaintiffs contend: (1) they "were entitled to receive and have received benefits" and (2) during this "very cold winter," they "experienced anguish and anxiety because of concerns for their health and safety because they were not receiving any benefits." R. Doc. 17 at 5. Defendants argue Plaintiffs' first contention "fails to demonstrate 'any injury in fact' that is 'concrete and particularized' and 'actual or imminent.'" R. Doc. 22 at 4 (citing *Lujan*, 504 U.S. at 560). Defendants also argue Plaintiffs' second contention "fail[s] to demonstrate that 'the injury will be redressed by a favorable decision,'" R. Doc. 22 at 5 (citing *Lujan*, 504 U.S. at 560), as even "[i]f Plaintiffs were to succeed on their claims for declaratory relief, the requested declarations would do nothing to remedy the alleged injuries suffered by Plaintiffs," R. Doc. 22 at 5. Accordingly, Defendants argue Plaintiffs' claims for declaratory relief should be dismissed for lack of injury in fact or, in the alternative, for failure to demonstrate that any injury could be redressed by a favorable decision. *See* R. Doc. 22 at 5.

Moreover, Plaintiffs seek declaratory judgment that the LPC and the Council Member Defendants violated the contract between the LPC and the LHC. R. Doc. 1 at ¶ 25. Defendants contend Plaintiffs lack standing to challenge the contract between the LPC and the LHC because Plaintiffs are not parties to the contract between the LPC and the LHC, and the contract reveals no intent to confer third party beneficiary status to them. R. Doc. 13-1 at 13. Accordingly, Defendants argue Plaintiffs are not entitled to a declaratory judgment that the contract has been violated. R. Doc. 13-1 at 13; *see, e.g.*, *Astra USA, Inc., v. Santa Clara Cty.*, 563 U.S. 110, 117 (2011) ("'[R]ecognition of any private right of action for violating a federal statute,' currently governing decisions instruct, 'must ultimately rest on congressional intent to provide a private

remedy' . . . . A nonparty becomes legally entitled to a benefit promised in a contract, the County recognizes, only if the contracting parties so intend." (internal citation omitted)); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2nd Cir. 2003) ("[A] third-party private contract action [to enforce a statutory obligation conferred by a government contract] would be inconsistent with . . . the legislative scheme . . . to the same extent as would a cause of action directly under the statute." (internal citation omitted)).

It is the Court's understanding that Plaintiffs' alleged injury is they "experienced anguish and anxiety because of concerns for their health and safety because they were not receiving any benefits." *See* R. Doc. 17 at 5. But as the Supreme Court has clarified, simply alleging possible future injury is not sufficient to constitute an "injury in fact." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("Thus, we have repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." (internal citation omitted)); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982) ("They fail to identify any personal injury suffered by them *as a consequence* of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing."). In the present case, Plaintiffs do not allege they were deprived of LIHEAP funds. After Plaintiffs filed this suit, the LPC passed an ordinance to fund the OCA and the LIHEAP funds were distributed timely. *See* R. Doc. 13-1 at 2–3. Because Plaintiffs have not alleged they have been deprived of LIHEAP funds or suffered any other injury that is "concrete and particularized" and "actual or imminent," Plaintiffs have not demonstrated they have suffered any injury in fact. As such, Plaintiffs have not shown they have the requisite standing to bring a claim for declaratory relief in this matter.

Moreover, because the Court finds Plaintiffs lack injuries in fact and therefore do not meet the first requisite element of standing, the Court need not consider Defendants' other arguments that Plaintiffs' claims are also speculative and not ripe for judicial review.

Finally, the contract between the LPC and the LHC does not state Plaintiffs are parties to the contract or intended beneficiaries of the contract. R. Doc. 1-3. Because "a nonparty becomes legally entitled to a benefit promised in a contract . . . only if the contracting parties so intend," *Astra USA, Inc.*, 563 U.S. at 117, the Court finds Plaintiffs lack standing to challenge the contract between the LPC and the LHC.

## IV. CONCLUSION

Although the Court dismisses Plaintiffs' remaining claims, it notes that Plaintiffs should not have been forced to file a lawsuit to obtain the LIHEAP funds they need to pay their energy bills. Due in large part to Plaintiffs' timeliness in filling this lawsuit, Plaintiffs have ensured LIHEAP funds are being distributed as needed. Because, however, their efforts have produced results without the need for Court intervention, Plaintiffs cannot be said to have suffered an injury in fact and their claims are moot. Accordingly;

**IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(6), R. Doc. 13, is hereby **GRANTED**.

New Orleans, Louisiana, this 3rd day of July, 2019.

ELDON E. FALLON
U.S. DISTRICT COURT JUDGE