# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERMAINE WARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-854** |
| **JERRY JONES, ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Amend and Supplement Order and Reasons, R. Doc. 26, which the Court construes as a motion to reconsider. Defendants filed an opposition. R. Doc. 28. Previously, the Court dismissed Plaintiffs' claims in their entirety for lack of judicial standing and mootness. R. Doc. 24. Plaintiffs now ask the Court to reconsider its ruling. The Court rules as follows.

### I. BACKGROUND

Plaintiffs' suit stems from their failure to receive energy assistance funds under The Low Income Home Energy Assistance Program ("LIHEAP"). LIHEAP is a federally-funded program designed to supplement energy costs for low-income households. R. Doc. 1 at ¶ 4. LIHEAP allocations are administered by the Louisiana Housing Corporation ("LHC") which allocates funds to the Lafourche Parish Council Office of Community Action ("OCA"). R. Doc. 1 at ¶ 7. Lafourche Parish council members then rely on "reimbursable administrative costs" to make eligibility and distribution determinations. R. Doc. 1 at ¶ 7. Plaintiffs initially filed suit after the Lafourche Parish Council ("LPC") defunded OCA's administrative costs, thereby causing a delay in LIHEAP fund distribution. R. Doc. 1 at ¶¶ 9, 13, 19. Plaintiffs claim they were eligible to receive LIHEAP funds but suffered "irreparable harm, suffering, and mental distress" because of their delayed receipt of funds. R. Doc. 1 at ¶ 13. However, Plaintiffs did not allege they were

deprived of LIHEAP funds altogether. Moreover, after Plaintiffs filed suit, the LPC passed an ordinance to fund the OCA and ensure that LIHEAP funds were distributed timely. R. Doc. 13-1 at 2–3.[1]

Defendants subsequently filed a Motion to Dismiss, R. Doc. 13, which the Court granted in full. R. Doc. 24. As set forth in the Order & Reasons, the Court dismissed Plaintiffs' claims for lack of judicial standing. R. Doc. 26. First, the Court dismissed Plaintiffs' claims under 42 U.S.C. § 1983 because they failed to demonstrate the violation of a federal right. R. Doc. 24 at 4-5. Second, the Court dismissed Plaintiffs' claims for declaratory judgment because Plaintiffs could demonstrate no injury requiring redress after LIHEAP funds resumed distribution. R. Doc. 24 at 7-8. Finally, the Court found no merit to Plaintiffs' argument that they were injured by the breach of contract between LPC and LHC because Plaintiffs were neither parties nor intended beneficiaries of the contract. R. Doc. 24 at 8. Accordingly, the Court dismissed Plaintiffs' claims in their entirety.

## II. LAW AND ANALYSIS

Plaintiffs now urge the Court to reconsider its order on dismissal. R. Docs. 26, 26-1. The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration; however, the Fifth Circuit has recognized the practice under Federal Rule of Civil Procedure 59(e), which calls into question the correctness of a judgment. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Fisher v. United States*, No. CV 18-5801, 2019 WL 4168799, at *2 (E.D. La. Sept. 3, 2019). A district court has broad discretion in deciding whether to grant or deny a motion to reconsider under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1990); *see also Indep. Coca-Cola Employees' Union of Lake Charles,*

---
[1] For a more complete recitation of the facts, see the Court's Order & Reasons for dismissal. R. Doc. 24.

*No. 1060 v. Coca–Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) ("Relief under Rule 59(e) is an extraordinary remedy that should be used sparingly.").

Plaintiffs allege that "the [C]ourt made no comment on the merits of the [D]efendants['] allegations of deliberate, premeditated, unlawful conduct of the defendant public officials." R. Doc 26-1 at 1. The Court interprets this as an argument that its previous Order & Reasons exclusively analyzed dismissal of Plaintiffs' § 1983 claim without addressing the related state law claims. Plaintiffs are mistaken: to the extent Plaintiffs raised a state law claim for breach of contract, it was dismissed for Plaintiffs' lack of privity to that contract. R. Doc. 24 at 8. As mentioned in the Court's previous Order & Reasons, Plaintiffs' state law claims are dismissed for lack of standing.

Notwithstanding the independent basis for dismissing Plaintiffs' state law claims, Plaintiffs argue that the Court's "mere dismissal for mootness" on the federal claim "does not preclude consideration of the pendent state law claims." R. Doc 26-1 at 1. That is, Plaintiffs appear to be requesting that the Court retain jurisdiction over the state law contract claim even after dismissal of the pendent § 1983 claim. The Court again declines to alter its previous order. Although Plaintiffs are correct that pendent state claims are not *per se* dismissed for lack of jurisdiction over the primary federal claim, *Rosado v. Wyman*, 397 U.S. 397, 404–05 (1970), "[t]he general rule in the Fifth Circuit requires dismissal of state law claims once the claims arising under federal jurisdiction are dismissed." *McCoy v. Chevron USA Prod.*, Inc., 46 F. Supp. 2d 510, 513 (E.D. La. 1999) (citing *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1465 (5th Cir. 1995)). This rule accords with "the commonsense policy of pendent jurisdiction—the conservation of judicial energy and the avoidance of multiplicity of litigation." *Rosado*, 397 U.S. at 405. Exceptions to the rule are rare and generally occur only after significant judicial

resources have been expended on a matter. *See Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307–08 (5th Cir. 1991).

Guided by the Fifth Circuit's approach to situations like this, the Court declines to amend its order dismissing the state law claims. *See Engstrom*, 47 F.3d at 1465. Nor does this situation give rise to an exception to the rule. Because dismissal occurred early in the life of this suit, the Court had not expended sufficient "judicial energy" to warrant retention of claims for which it lacks jurisdiction. *Rosado*, 397 U.S. at 405. Likewise, the parties had yet to fully litigate the matter, so there is no concern here for "multiplicity of litigation." *Id.* As such, although Plaintiffs are correct that district courts have discretion to retain pendent claims, such a result is not warranted here.

Finally, Plaintiffs assert that the Court did not "dismiss the claims or remand the claims." R. Doc. 26-1 at 2. This statement is inaccurate, as "the Court dismisse[d] Plaintiffs' remaining claims," R. Doc. 24 at 8, in its Order & Reasons.

## III.   CONCLUSION

For the foregoing reasons, the Court declines to reconsider its order dismissing this action. Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion to Amend and Supplement Order and Reasons, R. Doc. 26, is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of September, 2019.

_____
UNITED STATES DISTRICT COURT JUDGE

4